IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CIVIL ACTION NO. 3:03-cv-568-J-25
BANKRUPTCY NO. 00-01047-3P7
ADVERSARY CASE NO. 00-354

MINDY M. WEISS, APPELLANT and CROSS-APPELLEE

v.

GORDON P. JONES, APPELLEE and CROSS-APPELLANT

Appeal from the United States Bankruptcy Court
for the Middle District of Florida, Jacksonville Division

**REPLY BRIEF TO APPELLEE AND CROSS-APPELLANT'S
ANSWER BRIEF AND ANSWER BRIEF TO APPELLEE AND CROSS-
APPELLANT'S INITIAL BRIEF IN CROSS-APPEAL OF MINDY M. WEISS,
APPELLANT AND CROSS-APPELLEE**

AKERMAN SENTERFITT

David E. Otero
Florida Bar No. 0651370
Jacob A. Brown
Florida Bar No. 0170038
50 N. Laura St., Suite 2500
Jacksonville, FL 32202
904-798-3700 Telephone
904-798-3730 Facsimile

ATTORNEYS FOR MINDY M. WEISS

{JA148335;4}

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES............................................................................ii

ARGUMENT IN RESPONSE TO APPELLEE/CROSS-APPELLANT'S ANSWER BRIEF.................................................................................................1

I.    The Trustee's Statement of Facts is Mere Argument ...................................1

II.    The Bankruptcy Court's entry of a money under either Fla. Stat. §§ 726.108 or 726.109 was not an appropriate remedy under Fla. Stat. ch. 726....................5

III.    Doughty had no "Claim", and thus was not a "Creditor" at the time of sale of the Homestead .........................................................8

IV.    The Bankruptcy Court did not properly apply the doctrine of estoppel ............9

V.    The sale of the Homestead was a transfer of exempt property and thus not a fraudulent transfer under Fla. Stat. § 726.105..................................11

VI.    The Bankruptcy Court erred in failing to consider Fla. Stat. § 193.011 and other overwhelming evidence as to the value of the Homestead at the time of the sale...........................................................................11

ARGUMENT IN RESPONSE TO APPELLEE/CROSS-APPELLANT'S INITIAL BRIEF IN CROSS-APPEAL........................................................................12

CONCLUSION............................................................................................14

# TABLE OF AUTHORITIES

Page

Caselaw

*Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145 (Fla. 4th DCA 1995)..........................9

*Bessemer Properties, Inc. v. Gamble*, 27 So. 2d 832 (Fla. 1946)....................................5

*Cambell v. Carruth*, 13 So. 432 (Fla. 1893)...............................................................9, 10

*Dacus v. Blackwell*, 90 So. 2d 324 (Fla. 1956).................................................................10

*Daniel v. Sherrill*, 48 So. 2d 736 (Fla. 1950)....................................................................10

*Feltman v. Warmus (In re American Way Service Corp.)*, 229 B.R. 496
(Bankr. S.D. Fla. 1999)................................................................................................13, 14

*Hansard Constr. Corp. v. Rite Aid of Florida, Inc.*, 783 So. 2d 307 (Fla. 4th DCA 2001)......5

*Havoco Of America, Ltd. v. Hill*, 790 So. 2d 1018 (Fla. 2001)......................5, 6, 7, 14, 15

*In re Lankry*, 263 B.R. 638 (Bankr. M.D. Fla. 2001).........................................................5

*In re Ormond Beach Assoc. Ltd.*, 184 F.3d 143 (2d Cir. 1999).........................................8

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)..................................7

*Worldwide Web Systems, Inc. v. Feltman*, 328 F.3d 1291 (11th Cir. 2003).....................7

Rules

Fed. R. Bankr. P. 7007.....................................................................................................6, 9

Fed. R. Bankr. P. 8010........................................................................................................1

Fed. R. Civ. P. 7...............................................................................................................6, 9

Statutes and Constitutional Provisions

11 U.S.C. § 544.................................................................................................................13

11 U.S.C. § 550.................................................................................................................13

Fla. Const. Art. X, § 4...................................................................................................8, 15

Fla. Stat. § 193.011......................................................................................................11, 12

Fla. Stat. § 726.102......................................................................................................11, 13

Fla. Stat. §726.105..............................................................................................................8

Fla. Stat. § 726.107..........................................................................................11

Fla. Stat. § 726.108.......................................................................5, 6, 11, 13, 14

Fla. Stat. § 726.109...........................................................5, 6, 8, 11, 12, 13, 14, 15

Fla. Stat. § 726.112............................................................................................6

## ARGUMENT IN RESPONSE TO APPELLEE/CROSS-APPELLANT'S ANSWER BRIEF[1]

**I.  The Trustee's Statement of Facts is Mere Argument**

Rather setting forth a true statement of facts, the Trustee argues that facts identified in Weiss's Original Brief are inaccurate.[2] *See* Fed. R. Bankr. P. 8010. In addition, the Trustee's arguments are incorrect.

Of particular importance to issues raised in this appeal is the Bankruptcy Court's cite to the September 30, 1995 warranty deed (Pl. Ex. 2). (App. A, p.2, ¶5) This warranty deed provides that the consideration given by Weiss to Hill for the Homestead was the "sum of $10.00 and other valuable considerations, . . . ". The $542,000.00 reference is clearly in the stamp of the Clerk of Court of Palm Beach County, Florida, and not in the text of the warranty deed. Furthermore, the Trustee's reference to a "waterfront estate" is a gross exaggeration. (Trustee's Brief, pp.1,12) The Homestead is a single family residence of less than 4,000 base square feet. (Def. Ex. 71) The "waterfront" is a "feeder canal" off a river and the square footage of the lot is less than two-thirds of one acre. (Def. Ex. 33, p.13; Def. Ex. 55 – includes map with pinpoint location of the Homestead).

As for Mr. Hill's liability to Mr. Doughty in the California Litigation, the Trustee's state's the California State Court's rulings is that Hill was liable to Doughty "at all relevant

---

[1] The abbreviations in this reply and answer brief are the same as the abbreviations in the August 22, 2003 Original Brief of Mindy M. Weiss, Appellant and Cross-Appellee ("Weiss's Original Brief") and are incorporated herein.

[2] With respect to the Findings made by the Bankruptcy Court, the Trustee in his Answer and Cross Brief omits the Bankruptcy Court's citations to exhibits and the transcript which are part of the record in this appeal. (App A, pp. 1-3).

times". Trustee's Brief at p. 4. However, Terence Mix, the Trustee's own counsel and Doughty's counsel in the California Litigation and the underlying bankruptcy case, suggests there was no adverse judgment until 1997, five years after the transfers complained of by the Trustee. Mr. Mix testified during his deposition upon written question that:

> since the trial court took away the December 11, 1991, judgment by its JNOV and new trial orders of February 20, 1992, until the Court of Appeal decision of August 5, 1997, reinstating the December 1991 judgment, we did not know whether we would even have a judgment at all against Robert Hill; that upon a retrial of the case, we might end up without even a judgment against him.

(App. O) The Trustee also fails to account for the undisturbed California State Court finding on September 11, 1998 "that no judgment for damages presently exists in this case as to Hill." (App. V) Nevertheless, citing nothing in the record and in light of clear evidence to the contrary, the Trustee makes statements of his own interpretations of the posture and meaning of the California State Court's rulings to reach a conclusion that Mr. Hill was liable to Mr. Doughty "at all relevant times." This clearly is not the case. Rather, at the time of the transfer at issue, Mr. Hill's liability to Doughty was adjudicated to be $0.00.

The Trustee also asserts that he asked for money damage "at all times" (Trustee's Brief, p.4) although he cites only two instances, neither of which are pleadings filed in this case and neither of which seek affirmative relief. First with regard to the Trustee's Memorandum in Opposition to Defendant's Motion for Leave to File Amended Answer constitutes a "pleading" in the underlying bankruptcy adversary proceeding, the Trustee only makes a statement that he is entitled to a money judgment against Weiss – he never asks for such relief nor would such a paper be the proper place to do so. Furthermore, the Trustee's additional cite to a February 2002 objection of Mr. Doughty (not the Trustee) to the Trustee's

proposed settlement of various litigation, including this adversary proceeding against Weiss, is outside of the record on this appeal, is not a pleading seeking relief against Weiss, and is not a document that was filed in the underlying adversary proceeding. The record is clear that the Trustee never sought a money judgment against Weiss through his pleadings in either the underlying adversary proceeding and that neither did Doughty in his complaint in the State Court Action. (App. C & E) The memorandum and objection cited by the Trustee are not pleadings in the underlying adversary proceeding from which this appeal arises. *See* Fed. R. Bankr. P. 7007; Fed. R. Civ. P. 7 (setting forth the limitations as to what is considering a "pleading" and describing "motions and other papers" in a separate subsection).

Finally, the Trustee's assertion that the transfer at issue did not constitute a sale of Mr. Hill's homestead is wrong because its based on the Bankruptcy Court's error in not finding that the sale of the Homestead was a transfer of exempt property. The following testimony upon which the Trustee and the Bankruptcy Court relied, Hill's testimony on cross-examination, is ambiguous and must be reviewed in the context of additional evidence and additional testimony:

> Q. But, by May of 1994, you had abandoned your residence at Shore Road?
>
> A. Yes.

(App. A, p.12; App. J, p.4; Trustee's Brief, p.11) This question and Hill's response does not establish that Hill abandoned the Homestead prior to the sale to Weiss. This question and Hill's response can be interpreted as Hill having left the Homestead at any number of times. Hill's departure from the Homestead could have been by the end of May 1994, the beginning of May 1994 or anywhere between the two. Hill's testimony, again on cross examination,

following the above-quoted testimony upon which the Trustee relies shows Hill abandoned the Homestead at the same time that he sold it to Weiss. Specifically, also on cross-examination, Hill testified:

> Q. By the date of the Quit Claim Deed, May 20, 1994, the $10,000 and $161,000 checks that you testified about had already been given to you; isn't that true?
>
> A. That's right.

Tr. at pp. 258-259. Furthermore, Hill's testimony that precedes and follows this testimony is critical to place Hill's response to his May 1994 moving from the Homestead to another home in context. During the preceding direct examination Hill testified that he lived in the Homestead until he sold it to Weiss. Tr. at pp. 225-226. Hill goes on to say that when Weiss gave him the earnest money that the Homestead belonged to Weiss. Tr. at p. 229. This earnest money was a $10,000.00 check given by Weiss to Hill on April 9, 1994 and cashed by Hill on April 14, 1994. (Def. Ex. 8) Weiss's testimony is consistent with Hill's. She has lived in the Homestead since May of 1994 and has considered the Homestead her Florida homestead since that time. (Tr. at p. 262) There also was the deed given by Hill to Weiss on May 20, 1994. (Def. Ex. 1)

Accordingly, the clear and unambiguous evidence establishes that Hill's move from the Homestead to another home occurred at the very same time he sold Weiss the Homestead and thus there was no abandonment of the Homestead by Hill prior to his sale to Weiss. Therefore, the sale to Weiss was a sale of an exempt asset, which is important because "[I]t is well established under Florida law that exempt property may not be recovered by a trustee on fraudulent transfer grounds because such property could not have been attached by creditors

before any transfer." *In re Lankry*, 263 B.R. 638, 644 (Bankr. M.D. Fla. 2001). *See also Bessemer Properties, Inc. v. Gamble*, 27 So. 2d 832, 833 (Fla. 1946) (stating that "the transfer of homestead property is not a fraud on creditors. If homestead status attached prior to proceedings to subject the property to proceedings to subject the property to creditors' lien, regardless of where title is lodged, it is exempt.").

II. **The Bankruptcy Court's entry of a money under either Fla. Stat. §§ 726.108 or 726.109 was not an appropriate remedy under Fla. Stat. ch. 726.**

As discussed in Weiss's Original Brief, even assuming arguendo that the Bankruptcy Court properly found that a fraudulent transfer occurred, the Bankruptcy Court erred in awarding relief under Fla. Stat. § 726.109 because there was not a voidable transfer under Fla. Stat. § 726.108(1)(a), which is a clear requirement for relief under Fla. Stat. § 726.109(2). (App. A., p.13)

The *Hansard* decision upon which both the Trustee and the Bankruptcy Court rely on for authority to enter a judgment under Fla. Stat. § 726.109 is clearly distinguishable from this case because the relief awarded in the *Hansard* case was based on a transfer that could be avoided (set aside). *See Hansard Constr. Corp. v. Rite Aid of Florida, Inc.*, 783 So. 2d 307 (Fla. 4th DCA 2001). In this case, the sale of the Homestead cannot be avoided. *See* Fla. Const. Art. X, § 4; *Havoco Of America, Ltd. v. Hill*, 790 So. 2d 1018 (Fla. 2001). Furthermore, the *Havoco* decision provides no basis whatsoever for awarding a money judgment. *Havoco*'s clear mandate is that Fla. Stat. ch. 726 "has no effect on the constitutionally created homestead." 790 So. 2d at 1029.

The Trustee's argument that the sale of the Homestead was voidable under Fla. Stat. § 726.108(1)(a) is absurd. Fla. Stat. § 726.108(1)(a) provides no substantive basis for setting

aside a transfer. Fla. Stat. § 726.108(1)(a) provides that a creditor may, subject to the limitations in Fla. Stat. § 726.109, obtain avoidance of the transfer as a remedy. In this case, such relief cannot be awarded because the property at issue was found to be Weiss's Florida homestead and thus not subject to being set aside as a fraudulent transfer under any of the provisions of Fla. Stat. ch. 726. Thus, the Court committed reversible error in awarding a money judgment to the Trustee under Fla. Stat. § 726.109. At best, the Trustee is limited to "relief the circumstances may require" and such relief is expressly subject "to applicable principles of equity and in accordance with the applicable rules of civil procedure." *See* Fla. Stat. § 726.108(c).[3]

In addition to the lack of remedy for money damages under Fla. Stat. ch. 726, no money damages should have been awarded to the Trustee because Weiss was not on notice that the Trustee sought a money judgment. None of the Trustee's or Doughty's "pleadings" requested relief in the form of a money judgment against Weiss. (App. C & E) *See* Fed. R. Bankr. P. 7007; Fed. R. Civ. P. 7. The Trustee's prayer for relief seeks "a judgment against Weiss avoiding the transfer and directing Weiss to return to the Trustee the Real Property transferred plus interest, court costs, and such other relief as is just and proper." (App. E, p.7) This prayer for relief is void of a request for a money judgment. Additionally, in spite of the fact that Weiss amended her answer in the wake of the *Havoco* decision, the Trustee chose not to amend his Complaint even though he was then on notice that the sale of the

---

[3] As stated in Weiss's Original Brief, as to the issue of whether the Bankruptcy Court could award a money judgment if properly plead, there is a split of decisions among the states enacting the Uniform Fraudulent Transfer Act ("UFTA") on the issue of damages despite the UFTA's goal of uniform application and construction of the law. *See* Fla. Stat. § 726.112.

{JA148335;4}                                6

Homestead could not be avoided under Florida law. (App. A p.13, G & H)

The Trustee cites *Worldwide Web Systems, Inc. v. Feltman*, 328 F.3d 1291 (11th Cir. 2003) for the proposition that due process is improperly raised for the first time in this appeal. The *Feltman* decision is distinguishable on the basis that it deals with service of process issues in connection with a default judgment that an appellant sought to set aside. The issue of due process in this appeal deals with the Trustee's failure to plead for relief in the form of a money judgment and the Bankruptcy Court's awarding a money judgment to the Trustee nevertheless. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding ... accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the ... action and [to] afford them an opportunity to present their objections." (citations omitted)). Weiss had no notice that the Trustee sought a money judgment and, prior to this appeal, has not had the opportunity to address the issue of whether a money judgment is appropriate.[4] As such, Weiss was denied due process as she was not afforded an opportunity to respond to claims and relief sought by the Trustee that were raised for the first time in the Trustee's post-trial submissions. Weiss cannot waive a claim she never knew she had prior to the appeal.

---

[4] As stated in Weiss's Original Brief, the Bankruptcy Court's post-trial ruling requested simultaneous submission of post-trial briefs and did not allow for responsive briefing. Following the allegations raised and prayers stated in the Trustee's pleadings and the trial before the Bankruptcy Court, as well as the *Havoco* decision, Weiss only argued in her post-trial brief that the sale of the Homestead could not be set aside and that the Trustee is not entitled to an equitable lien.

### III. Doughty had no "Claim", and thus was not a "Creditor" at the time of sale of the Homestead.

The Bankruptcy Court also committed reversible error in determining that a fraudulent transfer occurred at all. In order to enter its Judgment awarding damages under Fla. Stat. § 726.109(2) and (3), the Bankruptcy Court had to find underlying liability under Fla. Stat. § 726.105(1)(a). (App. A) Fla. Stat. § 726.105 provides in pertinent part that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor;

Fla. Stat. § 726.105. The plain language of Fla. Stat. § 726.105 does not provide relief when the claim of a <u>creditor</u> has been liquidated at $0.00 at the time the transfer was made.

In order for a transfer to be set aside, there must be a creditor. *See In re Ormond Beach Assoc. Ltd.*, 184 F.3d 143 (2d Cir. 1999) (requiring that a creditor have a claim in existence when the transfers were made). Fla. Stat. § 726.102(4) defines "creditor" as "a person who has a claim." "Claim" means "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. § 726.102(3). The Trustee, stepping into the shoes of Doughty pursuant to 11 U.S.C. § 544, has no greater rights than Doughty had in the State Court Action. (App. C & E) By virtue of the JNOV entered against Doughty on February 10, 1992 until at least November 14, 1998 after a lengthy appeal, there was an adjudication that Hill had no liability to Doughty. (App. N, U & V) Thus, there was no claim because Doughty's right to payment was not unliquidated or

contingent – it was denied. The Trustee's own attorney, in sworn answers to written deposition questions, stated that the California "trial court took away the December 11, 1991, judgment by its JNOV and new trial orders of February 20, 1992". (App. O) Furthermore, the California State Court held that as of September 11, 1998 "that no judgment for damages presently exists in this case as to Hill." (App. V) Because the sale of the Homestead took place in 1994, or at the latest 1995, at the time of the sale, Doughty had no right to payment and thus had no claim. *See Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 152 (Fla. 4th DCA 1995) (finding that transfers that do not interfere with the existing rights of creditors cannot be presumed to be fraudulent).

### IV. The Bankruptcy Court did not properly apply the doctrine of estoppel.

As stated in Weiss's Original Brief, the Bankruptcy Court also committed reversible error as neither the doctrine of judicial estoppel or equitable estoppel precluded consideration of the value of the consideration Weiss paid for the Homestead. Nor did these principles prevent the Bankruptcy Court from looking beyond the amount on the recorded deed to determine the value of the consideration Weiss paid for the Homestead.

The three cases cited by the Trustee do not support the proposition that the Bankruptcy Court properly applied the doctrine of estoppel in this case. In *Cambell v. Carruth*, 13 So. 432 (Fla. 1893), the Court looked at the consideration on the face of the deed to make a determination whether consideration was given at all. *See* 13 So. at 434. The issue in *Campbell* was not the proper amount of consideration. Rather, *Campbell* discusses whether one is estopped from arguing whether consideration was given at all when the instrument of conveyance sets forth that consideration was given for the transfer. In

*Campbell*, Court noted that the deed recited that consideration was given, and thus held that the administrator of the deceased grantor in that case was estopped from arguing that consideration was not given by the deceased in order to destroy the effective operation of the deed of conveyance. *See Id.* In this case, the May 20, 1994, quit claim deed cites consideration of $542,000.00. (Def. Ex. 1) Additionally, the face of the September 30, 1995 warranty deed cites consideration of the "sum of $10.00 and other valuable considerations, . . . ". (Pl. Ex. 2) Thus following *Campbell*, the holding in this case should be that the Trustee is estopped from arguing that consideration was not given by Weiss to Hill. Estoppel as to the amount consideration given is not a subject discussed in *Campbell*.

The second case cited by the Trustee merely applied *Campbell* and held that a grantor was estopped from arguing the validity of its own deed. *See Daniel v. Sherrill*, 48 So. 2d 736 (Fla. 1950). As in *Campbell*, the Florida Supreme Court did not address estoppel as to one asserting the amount of consideration given.

In *Dacus v. Blackwell*, 90 So. 2d 324 (Fla. 1956), the last case relied upon by the Trustee, the Court reviewed issues regarding laches and limitations on claims that pro rata estate costs and taxes be imposed on the dower share. The concept of estoppel arose only in dicta in the *Dacus* opinion and provided that the orders of the probate court and the returns of the executrix would be the best evidence of whether the estate costs and taxes had been paid in accordance with applicable Florida law. *See* 90 So. 2d at 328. The *Dacus* opinion, like *Campbell* and *Daniel*, has no bearing on whether Weiss was legally estopped from arguing that in addition to the $542,000.00 on the face of the quit claim deed there was additional good and valuable consideration given to Hill for the purchase of the Homestead.

V.  **The sale of the Homestead was a transfer of exempt property and thus not a fraudulent transfer under Fla. Stat. § 726.105.**

As set forth in Section I of this brief, the clear and unambiguous evidence establishes that Hill's abandonment occurred at the same time he sold Weiss the Homestead and thus Hill had not abandoned the Homestead prior to his sale to Weiss.[5] Furthermore, as a matter of law, Weiss established a Florida exempt homestead at the same time as Hill relinquished his homestead, so the Homestead was exempt property both before and after the sale and thus could not be a fraudulent transfer. As discussed in Weiss's Original Brief, because the Homestead was exempt property at the time it was transferred by Hill to Weiss, Hill's transfer of the Homestead was proper, and Weiss obtained Florida homestead protection upon obtaining possession of the Homestead, the Bankruptcy Court's Judgment must be vacated.

VI. **The Bankruptcy Court erred in failing to consider Fla. Stat. § 193.011 and other overwhelming evidence as to the value of the Homestead at the time of the sale.**

The Trustee provides no argument in response to the argument set forth Weiss's Original Brief that the Bankruptcy Court erred in failing to consider Fla. Stat. § 193.011 and other overwhelming evidence as to the value of the Homestead at the time of the sale. Rather, the Trustee quotes the Bankruptcy Court's statements in its conclusions of law and states that Weiss's argument is without merit and that because Weiss's motion for reconsideration was denied that Weiss's arguments in this appeal should be denied as well.

---

[5] As discussed in Weiss's Original Brief, for there to be a transfer which is actionable under Fla. Stat. ch. 726, there must be a transfer of an "asset". *See* Fla. Stat.§ 726.107. The definition of "asset" excludes property to the extent it is exempt. *See* Fla. Stat.§ 726.102(2). Without underlying liability, the Bankruptcy Court could not properly enter a money judgment under Fla. Stat.§§ 726.108, 726.109 or any other part of Fla. Stat. ch. 726.

{JA148335;4}                                11

As set forth in Weiss's Original Brief, the Bankruptcy Court ignored definitive, contrary evidence in the record regarding the value of the Property at the time of sale, including the sanctioned fair market value of real property such as the Homestead. *See* Fla. Stat. § 193.011 (2002). The Bankruptcy Court's failure to consider the evidence of tax assessed values, sanctioned by the State as the fair market value of real property, as well as the additional definitive contrary evidence that the value of the Homestead at the time of the sale was far less than $938,000 was clearly erroneous and thus constitutes reversible error.

## ARGUMENT IN RESPONSE TO APPELLEE/CROSS-APPELLANT'S INITIAL BRIEF IN CROSS-APPEAL

There are numerous reasons for rejecting the Trustee's argument on Cross Appeal contained on page 13 of Trustee's brief.[6] First and foremost, even accepting arguendo that a money damage judgment was appropriate under Fla. Stat. § 726.109 where there is no avoidable transfer (see section II of this Brief), the Trustee fails to acknowledge the clear and unambiguous provisions of Fla. Stat. § 726.109(3) which provides that if judgment is based upon the value of the asset transferred, which it clearly was in this case (App A), then the "judgment must be for an amount equal to the value of the asset at the time of the transfer, **subject to adjustment as the equities may require.**" *See* Fla. Stat. § 726.109(3) (emphasis added). Thus, the Bankruptcy Court was clearly authorized by Fla. Stat. § 726.109(3) to adjust the money judgment "as the equities may require", regardless of whether Weiss was a "good faith transferee". The Trustee's argument that Fla. Stat. § 726.109 permits a credit only for a good faith transferee is clearly incorrect as there is no discussion of good faith

---

[6] Although not specifically cited in the Trustee's Answer and Cross Brief, the Trustee appears to rely solely upon Fla. Stat. § 726.109(4) for one issue raised in his cross appeal.

transferees in Fla. Stat. § 726.109(2) or (3), the sections relied on by the Trustee in support of Judgment. Fla. Stat. § 726.109(4) provides relief in addition to that provided for under Fla. Stat. § 726.109(3) to a good faith transferee "to the extent of the value given to the debtor for the transfer." *See* Fla. Stat. § 726.109. Accordingly, even if a money judgment under Fla. Stat. § 726.109(2) could have properly been awarded to the Trustee, the Bankruptcy Court had clear authority to adjust the money judgment under Fla. Stat. § 726.109(3) as the equities may require. Therefore, the Trustee is not entitled to any relief through his cross appeal.

Secondly, the only plausible basis for a money judgment is Fla. Stat. § 726.108(1)(c)(3). (See Section II of this Brief). Assuming arguendo that a judgment was proper under Fla. Stat. § 726.108(1)(c)(3), a judgment may only be entered "subject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . any other relief the circumstances may require." Again Fla. Stat. § 726.108(1)(c)(3) does not mention "good faith transferees" and required the Bankruptcy Court to consider principles of equity when entering a judgment. Thus, the Trustee is not entitled to any relief through his cross appeal.

The Trustee cites *Feltman v. Warmus (In re American Way Service Corp.)*, 229 B.R. 496 (Bankr. S.D. Fla. 1999) for the proposition that the Bankruptcy Court was not authorized to adjust the money judgment for any amounts paid by Weiss to Hill. The *Feltman* opinion is clearly distinguishable from the case at hand. First, in *Feltman*, a Chapter 11 corporate debtor substantively consolidated with the Chapter 11 case of its principal, the transfer at issue was not of exempt Florida homestead property, but rather non-exempt assets. *See* 229 B.R. at 501. Second, the *Feltman* Court awarded relief under federal law, 11 U.S.C. §§ 548

550, and not Fla. Stat. ch 726, which as discussed in Weiss's Original Brief is the only avenue upon which the Trustee could obtain any relief against Weiss. *See Id.* at 530-33; 11 U.S.C. § 544. Third, the Defendants in *Feltman* were not entitled to the equities afforded by Fla. Stat.§§ 726.108, 726.109. Fourth, unlike this case, the trustee in *Feltman* specifically sought relief in his pleadings in the form of the value of the asset transferred. *See* 229 B.R. at 501. For these reasons, *Feltman* provides no authority for the relief sought by the Trustee in his cross appeal.

Finally, for the same reasons raised in Weiss's Original Brief and discussed in Weiss's Reply Brief that the Judgment must be reversed, the Trustee's cross appeal should be denied.

## CONCLUSION

For the reasons set out above in conjunction with those discussed in Weiss's Original Brief, Appellant Mindy M. Weiss respectfully requests that this Court REVERSE the trial court in this case and enter judgment in her favor. The Judgment must be vacated because entry of a judgment for damages under Fla. Stat. §§ 726.108, 726.109 was not an appropriate remedy under Fla. Stat. ch. 726. However, even if the sale of the Homestead was a fraudulent transfer, after making the appropriate deductions for equitable considerations under Fla. Stat. § 108(c), the Trustee is not entitled to any money judgment. Furthermore, the sale of the Homestead was not a fraudulent transfer for numerous reasons - Doughty was not a creditor at the time of the sale and therefore had no rights to set the sale aside. Also, the sale of the homestead was a sale of exempt property and thus could not be a fraudulent transfer. Additionally, the Bankruptcy Court erred in applying any doctrine of estoppel to limit the value of the consideration paid by Weiss and in its finding of value of the

Homestead in the face definitive, contrary evidence. Finally, the Trustee is not entitled to relief in his cross appeal, because even if a money judgment under Fla. Stat. § 726.109(2) could have properly been awarded to the Trustee, the Bankruptcy Court had clear authority to adjust the money judgment under Fla. Stat. § 726.109(3) as the equities may require.

Respectfully submitted, this 22nd day of October, 2003

**AKERMAN SENTERFITT**

By: _____
David E. Otero
Florida Bar No. 0651370
Jacob A. Brown
Florida Bar No. 0170038
50 N. Laura St., Suite 2500
Jacksonville, FL 32202
904-798-3700 Telephone
904-798-3730 Facsimile

ATTORNEYS FOR APPELLANT MINDY M. WEISS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by United States Mail this 22nd day of October, 2003, to Cynthia C. Jackson, Esquire, 225 Water Street, Suite 1800, Jacksonville, FL 32202 and Gordon P. Jones, P.O. Box 600549, Jacksonville, FL 32260-0459.

_____
Attorney