

FILED

2003 NOV 18 1 P 3: 32

CLERK'S DISTRICT COURT
FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                    )

ROBERT JAMES HILL,                       )

_____Debtor,_____     )    Bankruptcy Case No. 00-1047-3P7
                                              Adversary Case No. 00-354

MINDY M. WEISS,                          )    Case No. 3:03-CV-568-J-25

        Appellant/Cross-Appellee,        )

v.                                       )    On appeal from a final judgment for
                                              the United States Bankruptcy Court
GORDON P. JONES,                         )    for the Middle District of Florida,
                                              Jacksonville Division
        Appellee/Cross-Appellant.        )

_____   )


## REPLY BRIEF


SMITH HULSEY & BUSEY


Cynthia C. Jackson
Florida Bar No. 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Telephone (904) 359-7700
Facsimile (904) 359-7708

Attorneys for Appellee and
Cross-Appellant Gordon P. Jones

# Table of Authorities

## Cases

Feltman v. Warmus (In re American Way Service Corp.),
    229 B.R. 496 (Bankr. S.D. Fla. 1999)..............................................................4

Hechtman v. Nations Title Ins. of N.Y.,
    840 So.2d 993 (Fla. 2003) ..........................................................................3

Jones v. ETS of New Orleans,
    793 So.2d 912 (Fla. 2001) ..........................................................................3

Sinclair v. De Jay Corp.,
    170 F.3d 1045 (11th Cir. 1999) ....................................................................3

Starr Tyme, Inc. v. Cohen,
    659 So.2d 1064 (Fla. 1995) .........................................................................2

## Statutes

Chapter 726, Florida Statutes...........................................................................1, 2

Section 726.108(1)(C)(3), Florida Statutes...........................................................2

Section 726.108, Florida Statutes ......................................................................2, 3

Section 726.109(3), Florida Statutes....................................................................2, 3

Section 726.109(4), Chapter 726, Florida Statutes ................................................1, 2, 3, 4

i

The Bankruptcy Court below found that the debtor, Robert Hill, fraudulently transferred a waterfront estate to his daughter, the Appellant. The Court determined that the value of the home at the time of the transfer was $938,000, and that the Appellant did not receive the asset in good faith. Despite these findings, the Bankruptcy Court reduced Appellant's $938,000 liability to the Appellee by the amount she allegedly paid for the estate ($542,000). The Bankruptcy Court erred as a matter of law in doing so.

The Appellant concedes that the Trustee recovered the judgment against her in the adversary below pursuant to *Chapter 726*, Florida Statutes. <u>See</u>, Appellant's Reply Brief, p. 14.

> *§726.109(4)*, of Chapter 726, plainly provides:
>
> > Notwithstanding voidability of a transfer or an obligation under § 726.101-726.112, *a good faith transferee* or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:
> >
> > (a)   A lien on or right to retain any interest in the asset transferred;
> >
> > (b)   Enforcement of any obligation incurred; or
> >
> > (c)   *A reduction in the amount of the liability on the judgment*.

It is without dispute that Weiss was not a "good faith transferee" within the meaning of Chapter 726 and under the clear and unambiguous terms of the statute, only a *"good faith transferee"* is entitled to such credit.

> [W]hen the language of a statute is unambiguous and conveys a clear and ordinary meaning, there is no need to resort to other rules of statutory construction; the plain language of the statute must be given effect.
>
> Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla. 1995).

Accordingly, as the Trustee correctly argues in his initial brief, the Bankruptcy Court below erred as a matter of law in reducing Appellant's liability on the judgment by the amount she allegedly paid for the asset.

Appellant contends that despite the plain language of §726.109(4), the Bankruptcy Court was authorized to reduce her liability on the judgment under separate statutory provisions also found within Chapter 726. First, the Appellant asks the Court to ignore §726.109(4) and look solely to §726.109(3), which provides:

> If the judgment is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, *subject to adjustments as the equities may require.*

In the alternative, the Appellant asks that the Court look solely to §726.108(1)(C)(3), which provides a creditor with remedies for fraudulent transfers subject to "*applicable principles of equity.*"

Appellant contends that under either of these two sections – §726.109(3) or §726.108 – the Court was authorized to reduce her liability even though she was not a good faith transferee because unlike 726.109(4), neither of these provisions uses the reconditional

2

phrase term "good faith transferee" and, ostensibly, that here, *the equities so require*. This argument is incorrect both legally and factually.[1]

As a matter of law, the Appellant asks this Court to ignore §726.109(4) and look only to §726.109(3) or §726.108. The Court cannot do so. Under federal law, a court must look to the statutory construction law of the state of the statute being enforced. See, e.g., Sinclair v. De Jay Corp., 170 F.3d 1045 (11th Cir. 1999). Under Florida law (as elsewhere), in interpreting a statute the court must look to the statute *as a whole* and give effect to each of its provisions:

> A basic tenet of statutory interpretation is that a 'statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts.' Accordingly, 'statutory phrases are not to be read in isolation, but rather within the context of the entire section.'
>
> Jones v. ETS of New Orleans, 793 So.2d 912, 914 (Fla. 2001).

Thus under Florida law, §726.109(4) may not be ignored in whole or in part. To the contrary, all provisions must be construed together and effect must be given to every word and phrase:

> It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage.
>
> Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 (Fla. 2003).

---

[1] Importantly, the Appellant points to *no facts* which would equitably cause the Court to adjust the judgment even if the Court were permitted to do so.

Appellant asks the Court do exactly what is prohibited by law, to ignore the plain meaning of the statute (which expressly provides for "a reduction in liability" only to a "good faith transferee"). At the very least, the Appellant requests that the Court erroneously render as "mere surplusage" the preconditional and critical phrase "good faith transferee" found in §726.109(4). Indeed, under Appellant's argument, the very evil the statute was intended to prevent will be permitted if a judgment is obtained rather than a transfer avoided. Under Appellant's argument, a person who received a transfer *in bad faith* remains entitled to a reduction notwithstanding the plain language of §726.109(4) simply as long as the creditor receives a judgment rather than the return of the avoided transfer. Such a result is absurd. If Appellant is correct for example, a bad faith transferee could simply cause damage to or dissipate the asset in question so that all the creditor could obtain is a judgment, and then take a credit for the amount paid.

Because the statutory language plainly permits a reduction in liability *only* for a "good faith transferee," the Court below erred as a matter of law. The judgment should be amended to reflect the full value of the asset transferred ($938,000) with no reduction for any amount Appellant might have paid.

Appellant attempts to distinguish this case from Feltman v. Warmus (In re American Way Service Corp.), 229 B.R. 496 (Bankr. S.D. Fla. 1999), cited by Appellee in his initial brief by claiming that the Feltman Court only considered federal law. This argument is erroneous. The Feltman Court considered both federal fraudulent transfer law and Florida Chapter 726, finding liability under both. In any event, the statute alone demonstrates that only a good faith transferee is entitled to a reduction in liability and this Court cannot simply

ignore or render this language as "mere surplusage" as Appellant requests. Importantly, the Appellant cites no case law whatsoever to support her argument to the contrary.

### CONCLUSION

For the foregoing reasons, the Court should amend the judgment to provide for the full value of the asset -- $938,000 -- plus costs and pre-judgment and post-judgment interest.

SMITH HULSEY & BUSEY

By _____
Cynthia C. Jackson
Allan E. Wulbern

Florida Bar No. 498882
Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Telephone (904) 359-7700
Facsimile (904) 359-7708

Attorneys for Appellee and
Cross-Appellant

## Certificate of Service

I certify that a copy of this document has been furnished by mail to David E. Otero, Esq. and Jacob A. Brown, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202, this 18th day of November, 2003.

_____
Attorney

00443273.1

6